```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION


AGT CAPITAL, LLC, DIRECTLY                               PLAINTIFF

VS.                               CIVIL ACTION NO. 3:14CV17TSL-JMR

M STREET INVESTMENTS, INC.,
GREAT SOUTHERN INVESTMENTS
GROUP, INC., NIT MANAGEMENT, INC.,
JEFFREY W. PARLIN, DONALD A. BAILEY,
BRETT MAVERICK VENTURE FUND, LP,
SANDRA L. BAILEY, NIKI WEISS, and
RONALD K. LEWIS DEFENDANTS

and

AVONDALE SHIPYARDS, INC.,
AND ALEXANDRA TRUST, DERIVATIVELY,
AND ON BEHALF OF M STREET INVESTMENTS,
INC., GREAT SOUTHERN INVESTMENT
GROUP, INC., AND NIT MANAGEMENT, INC.             PLAINTIFFS


VS.

JEFFREY W. PARLIN, DONALD A. BAILEY,
BRETT MAVERICK VENTURE FUND, LP,
SANDRA L. BAILEY, NIKI WEISS,
and RONALD K. LEWIS                               DEFENDANTS
```

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff AGT Capital, LLC, filed its original complaint in
this cause on January 9, 2014 and its amended complaint on January
13, 2014, against a number of defendants, including M Street
Investments, Inc., Great Southern Investments, Inc., NIT
Management, Inc., Jeffrey W. Parlin, Donald A. Bailey, Brett
Maverick Venture Fund, LP, Sandra L. Bailey, Niki Weiss and Ronald

K. Lewis.[1]  Each of the named defendants has separately moved to dismiss all claims.  The court, having considered the motions and responses thereto, concludes that the complaint should be dismissed for the reasons that follow.

Fifteen of the seventeen counts asserted in the complaint arise under state law.  These include the following: Count I: Accounting and Discovery; Count II: Injunctive Relief; Count III: Conversion; Count IV: Breach of Fiduciary Duty; Count V: Breach of Contract; Count VI: Tortious Breach of Contract; Count VII: Breach of Contract; Count VIII: Tortious Breach of Contract; Count IX: Breach of Implied Duty of Good Faith and Fair Dealing; Count X: Fraudulent Misrepresentation; Count XI: Fraud and Promissory Fraud; Count XII: Negligence; Count XIII: Gross Negligence; Count XIV: Civil Conspiracy; Count XVII: Breach of Fiduciary Duty Derivatively.  The remaining two counts are for alleged violations of federal law, and it is these counts which are alleged to provide the basis for this court's jurisdiction under 28 U.S.C.

---

[1]    The complaint purports to assert both direct and derivative claims against various defendants.  While as to the direct claims, AGT Capital, Inc. purports to be the sole plaintiff by virtue of assignments of claims from Avondale Shipyards, Inc. and Alexandra Trust, it is unclear from the complaint and amended complaint whether AGT Capital, Inc. is intended to be a plaintiff or the sole plaintiff as to the derivative claims or whether Avondale Shipyards, Inc. and Alexandra Trust are also meant to be plaintiffs.  The complaint is ambiguous on this point, and the response by plaintiff/plaintiffs to motions to dismiss filed by defendants does nothing to clarify this ambiguity.  Rather, it seems to add to the confusion.  The court, however, finds it unnecessary to resolve this issue.

§ 1331: Count XV: Securities Fraud, and Count XVI: Civil RICO.[2] Pursuant to 28 U.S.C. § 1367, if a plaintiff asserts federal claims as well as state claims, the federal court may exercise jurisdiction over the entire case.  28 U.S.C. § 1367.  In the court's opinion, however, both of the federal counts in plaintiff's complaint are due to be dismissed.

The securities fraud count purports to allege violation by various defendants of Section 17(a) of the Securities Exchange Act of 1933, 15 U.S.C. §§ 77b and 77q, and Section 10(B) and Rule 10b-5 of the Securities Exchange Act of 1934, 17 C.F.R. § 240.10b-5.  Yet as defendants note in their motion, plaintiff cannot maintain a claim for violation of Section 17(a) of the Securities Act because the statute does not provide for a private right of action.  See Landry v. All American Assur. Co., 688 F.2d 381, 384-91 (5th Cir. 1982).  Moreover, the allegations of the amended complaint plainly do not state a claim for violation of Rule 10b-5.  To state a claim for fraud under Section 10(b) and Rule 10b-5, "a plaintiff must allege, in connection with the purchase or sale of securities, (1) a misstatement or an omission (2) of a material fact (3) made with scienter (4) on which the plaintiffs relied (5) that proximately caused the plaintiff's

---

[2]    The complaint makes clear that jurisdiction is based solely on federal question jurisdiction; there is no basis for diversity jurisdiction under 28 U.S.C. § 1332.

3

injury." <u>Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU</u> <u>Corp.</u>, 565 F.3d 200, 207 (5th Cir. 2009) (citing <u>R2 Invs. LDC v.</u> <u>Phillips</u>, 401 F.3d 638, 641 (5th Cir. 2005)).  Whether or not the complaint could be found to adequately allege other elements, it plainly does not allege, nor identify a factual basis for an allegation that Avondale Shipyards, Inc. (Avondale) and/or Alexandra Trust (Alexandra) or anyone else allegedly acting on behalf of Avondale and/or Alexandra relied on an alleged misrepresentation in connection with offer or sale of M Street Stock, or that it or they sustained any injury as a proximate result of reliance on any such misrepresentation.

In the response to the motion, plaintiff has offered no substantive argument, and instead has merely quoted the allegations of the complaint and declared them sufficient, when clearly they are not.  Plaintiff goes on to state that in the event the court finds the allegations of the complaint to be deficient, it should not dismiss the claim but rather should grant plaintiff the opportunity to amend.  Yet plaintiff does not suggest, nor can the court fathom what plaintiff could possibly allege that would cure the deficiencies the court has found, especially as the present allegations of the complaint belie any allegation of reliance on or proximate harm from the alleged misrepresentation.

4

In the count for alleged violation of the Racketeer
Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961
*et seq.*, the amended complaint recites the following:

> Defendants used the mails, telephone, telephone
> facsimile, and other interstate modes of transportation
> to commit fraud and to engage in a conspiracy as
> described above.  Defendants intentionally participated
> in a scheme to defraud Plaintiffs of money or property
> and used the mails or wires in furtherance of that
> scheme.  Defendants are therefore guilty of violating
> federal mail fraud and wire fraud statutes, pursuant to
> 18 U.S.C.A. § 1341 and 18 U.S.C.A. § 1343. ...  RICO
> makes it a crime "to conduct" an "enterprise's affairs
> through a pattern of racketeering activity."  18
> U.S.C.A. § 1962(c). ...  The course of conduct in which
> the Defendants engaged as set forth above violates RICO.
> The Defendants intentionally participated in a scheme to
> defraud Plaintiffs of money or property during the
> period of 2011 to 2013, and continuing, and used the
> mails or wires in furtherance of that scheme on at least
> two occasions during that period.  As discussed in
> detail above, Plaintiffs were directly injured in their
> business and property by reason of Defendants' violation
> of the RICO provisions.

As defendants note in their motions, this court's Uniform Local
Rule 83.8 mandates that "a RICO Statement ... must accompany the
filing of the RICO complaint."  The purpose of a RICO case
statement is to provide "notice to the defendant and the filtering
out of meritless complaints[.]"  <u>Gutierrez v. Givens</u>, 1 F. Supp.
2d 1077, 1088 (S.D. Cal. 1998).  A RICO Statement must conform to
the following specific requirements of Local Rule 83.8:

> This Statement must include the facts that the Plaintiff
> is relying upon to initiate this RICO complaint as a
> result of the "reasonable inquiry" required by FED. R.
> CIV. P. 11.  This Statement must be in a form which uses

5

both the numbers and letters as set forth below and
must, in detail and with specificity:
(1) State whether the alleged unlawful conduct is in
violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).
(2) List each Defendant and state the alleged misconduct
and basis of liability of each Defendant.
(3) List the alleged wrongdoers, other than the
Defendant(s) listed above, and state the alleged
misconduct of each wrongdoer.
(4) List the alleged victims and state how each victim
was allegedly injured.
(5) Describe in detail the pattern of racketeering
activity or collection of unlawful debts alleged for
each RICO claim.  A description of the pattern of
racketeering must include the following information:
    (A) List the alleged predicate acts and the
    specific statutes which were allegedly
    violated;
    (B) Provide the dates of the predicate acts,
    the participants in the predicate acts, and a
    description of the facts surrounding the
    predicate acts;
    (C) If the RICO claim is based on the
    predicate offenses of wire fraud, mail fraud,
    or fraud in the sale of securities, the
    "circumstances constituting fraud or mistake
    shall be stated with particularity."  FED. R.
    CIV. P. 9(b).  Identify the time, place, and
    contents of the alleged misrepresentations,
    and the identity of persons to whom and by
    whom the alleged misrepresentations were made;
    (D) State whether there has been a criminal
    conviction for violation of the predicate
    acts;
    (E) State whether civil litigation has
    resulted in a judgment in regard to the
    predicate acts;
    (F) Describe how the predicate acts form a
    "pattern of racketeering activity"; and,
    (G) State whether the alleged predicate acts
    relate to each other as part of a common plan.
    If so, describe in detail.
(6) Describe in detail the alleged enterprise for each
RICO claim.  A description of each enterprise must
include the following information:
    (A) State the names of the individuals,
    partnerships, corporations, associations, or

other legal entities which allegedly
constitute the enterprise;
(B) Describe the structure, purpose, function, and
course of conduct of the enterprise;
(C) State whether any Defendants are employees,
officers, or directors of the alleged enterprise;
(D) State whether any Defendants are associated
with the alleged enterprise;
(E) State whether the Plaintiff is alleging that
the Defendants are individuals or entities separate
from the alleged enterprise, or that the Defendants
are the enterprise itself, or are members of the
enterprise; and,
(F) If any Defendants are alleged to be either
the enterprise itself or members of the
enterprise, explain whether such Defendants
are perpetrators, passive instruments, or
victims of the alleged racketeering activity.
(7) State whether the Plaintiff is alleging that the
pattern of racketeering activity and the enterprise are
separate or have merged into one entity.  In either
event, describe in detail.
(8) Describe the alleged relationship between the
activities of the enterprise and the pattern of
racketeering activity.  Discuss how the racketeering
activity differs from the usual and daily activities of
the enterprise, if at all.
(9) Describe what benefits, if any, the alleged
enterprise receives from the alleged pattern of
racketeering.
(10) Describe the effect of the activities of the
enterprise on interstate or foreign commerce.
(11) If the complaint alleges a violation of 18 U.S.C.
§ 1962(a), provide the following information:
(A) State who received the income derived from
the pattern of racketeering activity or
through the collection of an unlawful debt;
and,
(B) Describe the use, investment, or locus of
such income.
(12) If the Complaint alleges a violation of 18 U.S.C.
§ 1962(b), describe in detail the acquisition or
maintenance of any interest in or control of the alleged
enterprise.
(13) If the Complaint alleges a violation of 18 U.S.C.
§ 1962(c), provide the following information:

> (A) State who is employed by or associated
> with the enterprise; and,
> (B) State whether the same entity is both the
> liable "person" and the "enterprise" under
> § 1962(c).
> (14) If the Complaint alleges a violation of 18 U.S.C.
> § 1962(d), describe in detail the alleged conspiracy.
> (15) Describe the direct causal relationship between the
> alleged injury and the violation of the RICO statute.
> (16) List the actual damages for which Defendant is
> allegedly liable.
> (17) List all other federal causes of action, if any,
> and provide citations to the relevant statute(s).
> (18) List all pendent state claims, if any.
> (19) Provide any additional information that you feel
> would be helpful to the Court in considering your RICO
> claim.

Defendants argue, *inter alia*, that dismissal of the RICO count is warranted as plaintiff did not file a RICO Statement with its complaint or amended complaint and thus failed to comply with the mandatory requirements of this rule.[3]  In response, plaintiff merely argues that its RICO claim complies "in substance and spirit with the pleading requirements of the Local Rules," as "[a]all of the information required for the assertion of a RICO claim is asserted within Plaintiff's First Amended Complaint."  If this were an adequate response, then the local rule explicitly requiring a separate RICO Statement would be meaningless as it could be routinely disregarded at a plaintiff's election.  The

---

[3]    The RICO count is brought against the "defendants." Each defendant seeks dismissal of the court on the further basis that plaintiff has "failed to assert the specifics of how [it/he/she] committed any RICO predicate acts, much less a pattern of them."

8

court does not consider this to be a reasonable position.  Indeed, "[c]ourts have held that a failure to file such a statement warrants dismissal."  Woodland v. City of Vicksburg, Civ. Action No. 5:05cv85DCBJCS, 2006 WL 3375256, at *2 (S.D. Miss. Nov. 21, 2006) (citing Pierce v. Ritter, Chusid, Bivonia, & Cohen, 133 F. Supp. 2d 1344, 1346 (S.D. Fla. 2001), as dismissing RICO claim for failure to file RICO Statement as required by Southern District of Florida Local Rule 12.1).  Plaintiff suggests that in the event the court determines that its complaint is deficient, it should be allowed to amend the complaint; but amending the complaint does not remedy the omission of a RICO Statement and plaintiff, despite being well aware of this requirement, has not offered to or requested to be allowed to file a RICO case statement.  The court thus finds that dismissal of the RICO count is in order.

Pursuant to 28 U.S.C. § 1367, where a district court dismisses the federal claims which provided the basis for its jurisdiction, its decision whether to exercise jurisdiction over the remaining state claims "is purely discretionary."  Chavers v. Hall, 488 Fed. Appx. 874 (5th Cir. 2012) (quoting Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009).  However, while considerations of judicial economy, convenience, fairness, and comity may counsel a different result, see McClelland v. Gronwaldt, 155 F.3d 507, 519 (5th Cir. 1998), overruled on other grounds by Arana v. Ochsner Health Plan,

338 F.3d 433 (5th Cir. 2003), the Fifth Circuit has held that "[w]hen all federal claims are dismissed or otherwise eliminated from a case prior to trial, [its] 'general rule' is to decline to exercise jurisdiction over the pendent state law claims." Id. (internal quotation marks and citation omitted).

In the case at bar, there is only one circumstance that gives the court pause in declining to exercise jurisdiction over the plaintiff's state law claims, and that is the fact of plaintiff's pending motion for temporary restraining order by which it seeks primarily to prevent defendants from receiving and spending the proceeds of the Zurich insurance claim until this case can be heard on the merits. Arguably, a dismissal at this time would have the effect of denying that motion; but on its face the motion appears to lack merit. Plaintiff predicts that if injunctive relief is not granted, then "all of the assets of this corporation (M Street) will be forever lost" so that if and when plaintiff ultimately prevails, "there will be nothing left for Plaintiff to receive for its victory unless the Court stops Defendants from taking this insurance money and disbursing it." However, as the court understands it, it is plaintiff's contention that defendants other than M Street allegedly have been converting and allegedly will likely continue to convert the assets of M Street (and most pertinently, the insurance proceeds); but there is no allegation or suggestion that a money judgment against these defendants would

10

not be adequate to remedy any harm plaintiff may suffer in the event of such conversion.  A plaintiff seeking injunctive relief must establish immediate and irreparable harm as a prerequisite to such relief.  See Clark v. Prichard, 812 F.2d 991, 993 (5th Cir. 1987) (court may grant injunctive relief only if the movant establishes each of four elements, namely, (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest).  Yet it is well settled that no irreparable harm exists where the plaintiff may be made whole through an award of monetary damages.  See City of Meridian v. Algernon Blair, Inc., 721 F.2d 525, 529 (5th Cir. 1983) (explaining that "[a]n injury is irreparable only if it cannot be undone through monetary damages") see also Allied Mktg. Group, Inc. v. CDL Mktg., Inc., 878 F.2d 806, 810 n.1 (5th Cir. 1989) (noting that "the central inquiry in deciding whether there is a substantial threat of irreparable harm to the plaintiff is whether the plaintiff's injury could be compensated by money damages") (citation omitted).  As plaintiff does not assert in its motion or provide any basis for an assertion that any harm it may suffer cannot be compensated by money damages, then it appears that the

11

motion lacks merit on its face.  With that being the case, the court does not consider the pendency of this motion to weigh against the court's declining to exercise jurisdiction over plaintiff's state law claims.

Accordingly, based on all of the foregoing, it is ordered that defendants' motion to dismiss is granted as to the federal claims in plaintiff's amended complaint.  It is further ordered that, pursuant to 28 U.S.C. § 1367, the court will not exercise jurisdiction of the remaining state law claims, which will therefore also be dismissed.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 15th day of May, 2014.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

12